In re Grand Jury Subpoena Served Upon Yaasmyn FULA.

M 11–188(MP).

United States District Court, S.D. New York.

Jan. 21, 1983.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City by Stacy Moritz and Robert Litt, New York City.

Steel & Bellman, New York City, for Yaasmyn Fula by Lewis M. Steel, New York City.

## MEMORANDUM AND OPINION

### MILTON POLLACK, District Judge.

Civil contemnor Fula moves for an order relieving her from a finding of civil contempt and mandating her release from the custody of the United States Marshal for the Southern District of New York. For the reasons set forth below, contemnor's motion is denied in all respects and the Order of the Court, dated March 5, 1982 will continue to have full force and effect.

Contemnor was subpoenaed in connection with a grand jury investigation into a series of armed robberies, murders and other crimes because the Government had reason to believe that she was linked to the crimes and the individuals under investigation. The grand jury ordered Fula to provide handwriting exemplars and hair samples as part of the investigation. Fula's motion to quash the subpoena was denied by Judge Goettel on December 2, 1981.

On December 2, 1981, Fula was held in civil contempt, pursuant to 28 U.S.C. § 1826 by Judge Bonsal. The contempt order was ultimately vacated by the Second Circuit on the ground that the contempt hearing must be open to the public. *See* 672 F.2d 279 (2d Cir.1982). Subsequently, Fula appeared before this Court on March 4, 1982 at which time she continued to refuse to comply with the grand jury's subpoena and provide handwriting exemplars and hair samples. Pursuant to 28 U.S.C. § 1826 Fula was ordered to be held in custody until she complied with the grand jury's subpoena or until the expiration of the grand jury's term or until September 4, 1983, whichever first occurs. To date Fula has not complied with the subpoena.

In support of her motion for release, contemnor Fula states that: (1) the government already has materials that obviate its need for the subpoenaed exemplar and hair sample, (2) that contemnor's failure to comply illustrates the futility of the continuation of a contempt order, and (3) humane considerations justify termination of the contempt order. Contemnor's claims lack merit.

■ The government possesses papers which Fula contends contain samples of her handwriting. To date Fula has not identified sufficient written passages on these papers so that the government's experts can conduct handwriting comparisons. By letter to the Court, dated January 18, 1983, Fula's attorney makes a conditional offer on Fula's behalf, to identify sufficient handwriting passages if the Court agrees to vacate the contempt order, notwithstanding Fula's refusal to provide hair samples. Contemnors conditional offer is totally unacceptable. The government and the grand jury are entitled to handwriting exemplars *and* to hair samples. Refusal to provide these non-testimonial items constitutes contempt of the grand jury and of this Court. The contemnor must comply, not make conditional offers, if she desires release from custody.

■ Contemnor's claim that incarceration is futile, does not justify her release at this time. Implicitly, contemnor is arguing that continued incarceration cannot be coercive, and thus, it becomes punitive and illegitimate. While the Court recognizes that civil contempt cannot be used to punish, it is clear that Congress resolved the problem of punitive civil contempt by establishing an eighteen month ceiling in 28 U.S.C. § 1826. Moreover, contemnor's recalcitrance to date does not prove that the continuation of the contempt order will not be coercive. *See In re Cueto,* 443 F.Supp. 857, 861–63 (S.D.N.Y.1978). Fula's recent at-

**52**

tempt to compromise indicates that the contempt sanction is beginning to affect her resolve. The reasoning of the Second Circuit in *United States v. Dien*, 598 F.2d 743 (2d Cir.1979) rejecting a contemnor's self-serving prediction of non-cooperation applies to this case as well:

> Such an argument if sustained would only benefit those who persistently refuse to cooperate ... and in effect would emasculate section 1826 ... Whether [Fula] will change [her] mind depends upon future events which [the Court] cannot at this time predetermine. 598 F.2d at 745.

■ Finally, as far as contemnor's reliance on humanitarian considerations is concerned, the Court notes that it is completely within contemnor's power to eliminate any hardship that her contempt has caused herself or her family. Contemnor's motion for an order relieving her from a finding of contempt is denied in all respects. Contemnor shall remain in custody until she complies fully with the grand jury's subpoena or until the expiration of the grand jury's term or until September 4, 1983, whichever first occurs.

SO ORDERED.